

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

May 18, 2016

Mr. Ronald Kubecka
President and Chair
Lavaca-Navidad River Authority
Post Office Box 429
Edna, Texas 77957

Opinion No. KP-0089

Re: Whether river authorities may adopt regulations that prohibit the possession of firearms on river authority parklands (RQ-0077-KP)

Dear Mr. Kubecka:

You ask whether a river authority may prohibit persons from openly carrying handguns on parklands of the river authority.[1] You tell us that the Lavaca-Navidad River Authority ("Authority") is "considering adopting a rule that would prevent persons from openly carrying handguns on the Authority's park premises unless specifically authorized for permitted hunting purposes." Request Letter at 1. You assert that such a rule would relate to the "use, operation, management, administration, and policing" of the Authority's water-related park areas and "is authorized by Texas Parks & Wildlife Code section 25.004." *Id.*

Section 25.004 of the Parks and Wildlife Code provides that "a district may adopt and enforce reasonable rules relating to the use, operation, management, administration, and policing of its water-related park areas as it considers appropriate." TEX. PARKS & WILD. CODE § 25.004(1); *see also id.* § 25.002 (defining "district" to mean a "district or authority created under Article XVI, Section 59, of the Constitution of Texas"); *see also* Act of May 30, 2003, 78th Leg., R.S., ch. 1224, § 1, 2003 Tex. Gen. Laws 3470, 3470–74 (providing, as one of the many acts compiled as article 8280-131 of Vernon's Texas Annotated Civil Statutes, that the Lavaca-Navidad River Authority is created as a conservation and reclamation district under the authority of article XVI, section 59). Chapter 25 also provides that "[a] district may exercise the powers granted by this chapter without regard to any provision, restriction, or limitation of any general or special law or specific act." TEX. PARKS & WILD. CODE § 25.006(b). You aver that sections 25.004 and 25.006 authorize a river authority to adopt a rule prohibiting openly carried handguns despite the recent amendments to the Penal Code and Government Code limiting the restrictions that can be placed on a licensed person's right to openly carry a handgun. *See* Request Letter at 2 (referring to Penal Code sections 30.05, 30.06, and 30.07, and Government Code section 411.209).

---

[1]*See* Letter from Mr. Ronald Kubecka, President & Chair, Lavaca-Navidad River Auth., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 18, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

Section 30.07 of the Penal Code creates the offense of trespass by a license holder with an openly carried handgun. *See* TEX. PENAL CODE § 30.07(a). It prohibits a license holder from openly carrying a handgun on property of another without consent after receiving notice that entry onto the property with the handgun was forbidden. *See id.* § 30.07(a)(1)–(2). An exception to the application of section 30.07 is "that the property . . . is owned or leased by a governmental entity and is not a premises or other place on which the license holder is prohibited from carrying the handgun under Section 46.03 or 46.035" of the Penal Code. *Id.* § 30.07(e). Thus, a governmental entity such as a river authority may prohibit openly carried handguns from only its premises that are locations specified in sections 46.03 and 46.035. And park premises of a river authority are not listed in sections 46.03 and 46.035 as premises from which a governmental entity may prohibit openly carried handguns. *See generally id.* §§ 46.03, .035. Accordingly, we must determine whether the broad authority granted by Parks and Wildlife Code sections 25.004 and 25.006 permits a river authority to prohibit openly carried handguns when a river authority is precluded from enacting such a prohibition by Penal Code subsection 30.07(e).

By its plain language, subsection 25.006(b) refers to "powers granted by this chapter." TEX. PARKS & WILD. CODE § 25.006(b). Chapter 25 grants limited express powers. *See id.* §§ 25.003–.006. Chapter 25 contains no provision specifically authorizing a district to regulate handguns. *See id.* §§ 25.001–.006. As you point out, section 25.004 authorizes a district to adopt and enforce rules "relating to the use, operation, management, administration, and policing of its water-related park areas as it considers appropriate." *Id.* § 25.004. You argue that a rule prohibiting the open carrying of handguns relates to "the use, operation, management, administration, and policing of the [District's] water-related park areas." Request Letter at 1. Yet, such a rule would be contrary to Penal Code subsection 30.07(e). *See* TEX. PENAL CODE § 30.07(e). When subsection 25.006(b) is read in context, the additional language—"and may exercise the powers granted by this chapter as an alternative to the powers of all other laws relating to the same subject"—indicates that the scope of subsection 25.006(b) is limited to only other laws that grant powers to a district related to the specific subjects addressed in chapter 25, such as governing the conservation and development of water resources and water-related land resources. *See* TEX. PARKS & WILD. CODE § 25.001 ("The policy of the legislature and the intent of this chapter are to encourage the conservation and development of water in the state and water-related land areas for public recreation."). Penal Code subsection 30.07(e) is not an alternative grant of power to a district that relates to the same subject in the same vein as other provisions granting power to districts. *Cf.* TEX. WATER CODE §§ 51.122, .127 (providing for a water control and improvement district's authority to adopt rules), 55.242 (authorizing water improvement district to adopt rules). A court would likely determine that section 25.004 does not authorize an article XVI, section 59 district to disregard the general limitations on a governmental entity imposed by the Legislature related to a subject matter not addressed in chapter 25.

Moreover, a conclusion that section 25.004 authorizes a river authority to prohibit openly carried handguns despite Penal Code subsection 30.07(e) appears contrary to the clear intent of the Legislature. *See* TEX. GOV'T CODE § 311.023(5) (authorizing, in the construction of statutes, consideration of the "consequences of a particular construction"). Chapter 25 applies to all districts created under article XVI, section 59. *See* TEX. PARKS & WILD. CODE § 25.002 (defining "district" to mean a "district or authority created under Article XVI, Section 59, of the Constitution

of Texas"). In addition to those created by special law,[2] districts created under article XVI, section 59 are numerous and can include: noxious weed control districts,[3] water control and improvement districts,[4] fresh water supply districts,[5] navigation districts,[6] municipal utility districts,[7] water improvement districts,[8] drainage districts,[9] levee improvement districts,[10] irrigation districts,[11] and stormwater control districts.[12] A conclusion that all such special districts are not bound by the prohibition in Penal Code subsection 30.07(e) taken to its logical conclusion means that all such districts may deal with their parklands unbound by any other provision of the Penal Code. In Penal Code subsection 30.07(e), the Legislature expressed its intent that any governmental entity is precluded from prohibiting the open carry of handguns where such handguns are lawfully permitted. *See* Tex. Att'y Gen. Op. No. KP-0049 (2015) at 3–4 (discussing Legislature's intent in enacting similar statute, Penal Code 30.06(e)). Penal Code subsection 30.07(e) contains no exemptions for article XVI, section 59 districts. If the Legislature had intended all article XVI, section 59 districts to be excluded from subsection 30.07(e), it would have used language more limited than "governmental entity." Accordingly, a court would likely not give section 25.004 such a broad construction in derogation of the Legislature's intent.

For these reasons, chapter 25 of the Parks and Wildlife Code does not authorize a river authority to adopt regulations that prohibit the open carry of handguns on river authority parklands.

---

[2]*See, e.g.*, Act of May 30, 1993, 73d Leg., R.S., ch. 626, 1993 Tex. Gen. Laws 2350, 2350–72; *as amended by* Act of May 16, 1995, 74th Leg., R.S., ch. 524, 1995 Tex. Gen. Laws 3280, 3280; Act of May 29, 1995, 74th Leg., R.S., ch. 261, 1995 Tex. Gen. Laws 2505, 2505–17; Act of May 6, 1999, 76th Leg., R.S., ch. 163, 1999 Tex. Gen. Laws 634, 634–35; Act of May 25, 2001, 77th Leg., R.S., ch. 1192, 2001 Tex. Gen. Laws 2696, 2696–97; Act of May 27, 2001, 77th Leg., R.S., ch. 966, §§ 2.60–.62, 6.01–.05, 2001 Tex. Gen. Laws 1991, 2021–22, 2075–76; Act of June 1, 2003, 78th Leg., R.S., ch. 1112, § 6.01(4), 2003 Tex. Gen. Laws 3188, 3193; Act of May 23, 2007, 80th Leg., R.S., ch. 510, 2007 Tex. Gen. Laws 900, 900; Act of May 28, 2007, 80th Leg., R.S., ch. 1351, §§ 2.01–.12, 2007 Tex. Gen. Laws 4612, 4627–34; Act of May 28, 2007, 80th Leg., R.S., ch. 1430, §§ 12.01–.12, 2007 Tex. Gen. Laws 5848, 5901–09 (the Edwards Aquifer Authority).

[3]*See generally* TEX. AGRIC. CODE §§ 78.001–.071.

[4]*See generally* TEX. WATER CODE §§ 51.001–.875.

[5]*See generally id.* §§ 53.001–.190.

[6]*See generally id.* §§ 60.001–.564, 62.001–.318 (Article XVI, Section 59, Navigation Districts), 63.001–.379. (self-liquidating navigation districts).

[7]*See generally id.* §§ 54.001–.813.

[8]*See generally id.* §§ 55.001–.805.

[9]*See generally id.* §§ 56.001–.810.

[10]*See generally id.* §§ 57.001–.346.

[11]*See generally id.* §§ 58.001–.836.

[12]*See generally id.* §§ 66.001–.404.

## S U M M A R Y

Chapter 25 of the Parks and Wildlife Code does not authorize a river authority to adopt regulations that prohibit the open carry of handguns on river authority parklands.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee